**SO ORDERED.**

**SIGNED this 04 day of May, 2010.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CHAPTER 7** |
| **AMERLINK, LTD.,** | **CASE NUMBER: 09-01055-8-RDD** |
| **DEBTOR** | |
| **ALEX and AGNIESZKA STOROZYNSKI,** | |
| Plaintiff(s) | **ADVERSARY PROCEEDING NUMBER: 09-00170-8-RDD** |
| v. | |
| **AMERLINK CONSTRUCTION CO.,** et al., | |
| Defendant(s) | |

### ORDER GRANTING MOTION TO COMPEL AND PROTECTIVE ORDER

Pending before the Court is the Motion to Compel and Motion for Protective Order filed by Dave Wilber (the "Defendant") on March 22, 2010 (the "Motion") and the Memorandum of Law In Response to Defendant Dave Wilber's Motion to Compel and Motion for Protective Order filed by Alex and Agnieszka Storozynski (the "Plaintiffs") on March 24, 2010 (the "Objection"). The Court conducted a hearing in Wilson, North Carolina on April 21, 2010 to consider the Motion and the Objection.

The Defendant learned as part of the Rule 26 initial disclosures provided by the Plaintiffs that Mr. Strorozynski recorded some of the conversations between Mr. Wilber and himself, as well as other conversations between Mr. Strorozynski and AmerLink, Ltd. ("AmerLink") employees from October and November 2008. In addition, the initial disclosures stated that the Plaintiffs may use emails to and from Dave Wilber and other AmerLink employees to support their claims.

More specifically, in the initial disclosures, the Plaintiffs disclosed that they would "...make available those non-privileged, relevant documents that are in their possession, custody or control, and that tend to support plaintiffs' positions in the case." Further, the Plaintiffs disclosed six types of documents and materials that would be produced, including "[e]mails to and from Dave Wilber" and "[r]ecordings of conversations with AmerLink employees made in and about October and November 2008."

The Plaintiffs properly noticed the deposition of Dave Wilber prior to the expiration of the time to respond to written discovery. The Defendant requested these documents and materials as part of its request for production of documents. However, since the time for response has not expired, the Plaintiffs have not yet produced the recordings and emails.

Pursuant to the Motion, the Defendant requests that the Plaintiffs be compelled to produce or allow for inspection documents and materials identified by the Plaintiffs in the initial disclosures. The Defendant further requests that this Court grant a protective order to delay the deposition of Mr. Wilber until such time as the documents or materials have been produced. The Defendants contend that he has made every effort to obtain the materials from sources other than the Plaintiffs. Since AmerLink ceased operations and a chapter 7 trustee has been appointed, Mr. Wilber has not been

able to obtain any emails that might be the subject of this proceeding. As to the recordings of the phone conversations, Mr. Wilber would not have access to them, except through the Plaintiffs.

The Plaintiffs' argue that production of the recorded conversations and emails will prejudice Plaintiffs from obtaining Mr. Wilber's unrefreshed testimony. Furthermore, Plaintiffs contend that the deposition was duly noticed and that the Federal Rules of Civil Procedure, as incorporated by the Bankruptcy Rules, do not require them to produce items disclosed in the initial disclosures until the expiration of the response time, assuming a party has requested them.

The Court, having considered the arguments of counsel and the pleadings filed in this case holds that the statements, including the recordings and emails, are substantive as they relate to the misrepresentation, fraud, and civil conspiracy claims asserted by the Plaintiffs.

Bankruptcy Rules 7026 and 7034 incorporate Fed. R. Civ. P. 26 and 34. Fed. R. Civ. P. 26(d)(2) provides that unless the court orders otherwise for the parties' and witnesses' convenience and in the interest of justice, discovery methods may be used in any sequence and discovery by one party does not require any other party to delay its discovery. Fed. R. Civ. P. 34(b)(2)(A) allows a party thirty (30) days to provide production of documents and things.

Essentially, a conflict exists between two discovery rules. However, Federal Rule 26(d)(2) permits a court to modify the sequence of discovery based on the parties convenience as well as the interest of justice. The Defendant, movant in this case, bears the burden to show that good cause exists for the court to issue a protective order. *Pro Billiards Tour Assoc., Inc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 230 (M.D.N.C. 1999).

The Defendant alleges that the requested materials and documents are more substantive in nature than for impeachment purposes. The taped conversations and emails would relate directly to the establishment of a misrepresentation, fraud, or civil conspiracy claim.

The Plaintiffs claim that disclosure of these materials will forever erase any recollection that Mr. Wilber had to his interactions with them as once he reviews the materials, his memory will be refreshed. They assert that his unfettered and unrefreshed recollection is critical to their case. Furthermore, non-disclosure of the materials prior to discovery will discourage any alteration - even if subconscious - of his testimony in light of what he hears on the tapes or reads in the emails.

The United States District Court for the Middle District of North Carolina in the *Pro Billiards* case considered whether the production of tapes could be delayed until after a representative of the defendant was deposed. *Pro Billiards Tour Assoc., Inc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229 (M.D.N.C. 1999). Magistrate Judge Eliason recognized that "[d]isputes involving the timing of specific depositions in relation to other discovery fall directly within the provisions of Rule 26(c)(2)[in connection to the issuance of protective orders], although other rules do touch on the issue." *Id.* at 230. The issuance of protective orders pursuant to Rule 26(c)(2) "which seek to regulate the terms, conditions, time or place of discovery are wholly within the court's discretion." *Id.*

The plaintiff in the *Pro Billiards* case refused to produce certain statements or video until after the deposition by arguing that it needed to retain those items for their impeachment value. *Id.* However, the court noted that rarely is evidence relevant for the sole purpose of impeachment, as it often has substantive value and if that substantive value predominates, production should not be delayed until after the deposition. *Id.* at 231 (citations omitted). More specifically, with respect

4

to the recording of fact events, the court found that the value of such a recording is not its impeachment value but in the facts and issues determined by the recording. *Id.* Substantive evidence directly affects both parties in litigation and not requiring its disclosure prior to the deposition would provide one party with "an undue and unfair advantage of having or being able to prepare for its deposition with the recording while denying the same opportunity to the opponent." *Id.* at 232. Therefore, the court found that to be even-handed, to the extent that the recordings were substantive evidence, a party may not delay production of the audio tapes at issue until after the deposition of an opposing party against whom such evidence may be produced. *Id.*

This court finds the decision of *Pro Billiards* persuasive given a court's discretion to set the sequence of discovery as specifically set forth in Rule 26(d)(2). Mr. Wilber has no alternative means of obtaining the items disclosed as part of the initial disclosures. AmerLink closed its business and its records are sparse. In addition, Wilber has been unable to obtain the email communications from their computer systems. Furthermore, there has been no proffer to the court that AmerLink recorded its phone communications with customers. Therefore, the Plaintiffs are the only party in possession of the recorded telephone calls. Both the emails and the telephone conversations go to the heart of the allegations against Mr. Wilber for misrepresentation, fraud, and civil conspiracy. Therefore, the substantive value of the evidence outweighs its impeachment value and such evidence shall be produced to Mr. Wilber prior to his deposition by the Plaintiffs.

The Motion to Compel and Motion for Protective Order filed by Dave Wilber is hereby **GRANTED**. Plaintiff shall provide the documents and materials listed in its initial disclosures and included in the Defendant's Request for Production of Documents ten (10) days prior to the deposition of Mr. Wilber.

**SO ORDERED.**

**END OF DOCUMENT**